UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BENJAMIN GREENBERG,

                Plaintiff,                                  **ORDER**
                                                               21-CV-315 (WFK)

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiff Benjamin Greenberg ("Plaintiff") brings this motion seeking attorney's fees and approval of a contingent fee agreement between himself and his attorney whereby Plaintiff agreed to pay his attorney 25 percent of past due benefits payable to him in exchange for legal services. ECF No. 20. For the following reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion and awards counsel $12,097.83 in attorney's fees.

## BACKGROUND

Plaintiff filed suit in this Court on August 21, 2017, seeking judicial review of the denial of his application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). ECF No. 1. By stipulation dated May 3, 2018, the parties agreed to remand the action to the Social Security Administration ("SSA") for a new hearing and decision, ECF No. 14-1, which the Court so ordered on May 11, 2018, ECF No. 15. The parties further stipulated to a payment of $7,282.17 in attorney's fees and expenses to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"). ECF Nos. 18-1, 19. Upon remand to the SSA, Plaintiff was awarded past due disability benefits in the amount of $119,382.00. Decl. of Christopher James Bowes in Supp. of Mot. for Approval of the Contingent Fee Agreement ("Bowes Decl."), ECF No. 21, ¶ 17. Plaintiff's counsel now seeks approval of the contingent fee agreement between Plaintiff and his counsel and an attorney fee of $29,845.48, representing a *de facto* hourly rate of $898.96. *Id.* ¶ 6. The Government objected to the amount requested, arguing the *de facto* hourly rate of

1

$898.96 represented an impermissible windfall. Ltr. from Gov't in Resp. to Pl.'s Mot. ("Gov't Resp."), ECF No. 24, at 1.

## DISCUSSION

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." When determining whether a requested fee in a contingency agreement is reasonable, the Court should consider "whether the contingency percentage is within the 25% cap," "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Furthermore, "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Courts in this Circuit have identified several relevant considerations in determining whether an award will result in a windfall for an attorney, including:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Heffernan v. Astrue*, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015) (Spatt, J.) (citation omitted).

The Court has conducted a *de novo* review of Plaintiff's application and finds the *de facto* hourly rate of $ 898.96 is unreasonable under the circumstances of this case and would represent a windfall. The Court notes counsel's request exceeds neither the twenty-five percent statutory

2

maximum nor the twenty-five percent fee agreed to in Plaintiff's retainer agreement. Moreover, counsel secured a positive outcome for his client and expended an amount of time that is considered reasonable for a social security matter in doing so. *See, e.g., Almodovar v. Saul*, 16-CV-7419, 2019 WL 6207784, at *3 (S.D.N.Y. Nov. 21, 2019) (Netburn, J.) (citing *Borus v. Astrue*, 09-CV-4723, 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (Crotty, J.)). However, courts in the Second Circuit have generally found fee awards with similar *de facto* hourly rates to constitute a windfall. *See Mohammed v. Comm'r of Soc. Sec.*, 17-CV-4892 (WFK), 2020 WL 5640398 (E.D.N.Y. Sept. 22, 2020) (Kuntz, J.); *see also Karki v. Comm'r of Soc. Sec.*, 13-CV-6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (Chen, J.) (reducing *de facto* hourly rate from $1,066 to $500); *Rivera v. Berryhill*, 13-CV-5060, 2018 WL 2436942, at *2-3 (E.D.N.Y. May 30, 2018) (Chen, J.) (reducing § 406(b) fee from $34,547.25 ($874.61 per hour) to $19,750 ($500 per hour)).

Plaintiff's counsel asserts his non-contingent hourly rate is $550.00. Bowes Decl. ¶ 37. The Court finds an hourly rate of $600.00 will adequately compensate plaintiff's counsel for the time spent on this case, the risks inherent to undertaking representation on a contingency basis, and the ultimately successful result counsel obtained. The Court therefore finds plaintiff's counsel shall be awarded $19,380.00 (32.3 hours of work multiplied by $600.00). After reducing this figure by $7,282.17, the EAJA credit to which Plaintiff is entitled, the net award amounts to $12,097.83.

3

## CONCLUSION

For the foregoing reasons, Plaintiff's motion, ECF No. 20, is GRANTED in part and DENIED in part, and Plaintiff's counsel is awarded a net total payment of $12,097.83 in attorneys' fees, representing a *de facto* hourly rate of $600.00, minus previously awarded EAJA fees.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2023
 Brooklyn, New York

4